## GENERAL COURT, MAY TERM, 1800.

### HOGMIRE's Lessee *vs.* CHAPLINE.

EJECTMENT for a tract of land called *Mount Pleasant*, lying in Washington county. General defence, and issue joined.

The plaintiff at the trial produced and read in evidence to the jury, a patent granted to the defendant on the 15th of February 1791, for the tract of land called *Mount Pleasant*, containing 2575 acres. The plaintiff also produced and read in evidence, a deed executed by the defendant to the lessor of the plaintiff, on the 19th of April 1794, whereby, in consideration of 500l current money, the defendant conveyed to the lessor of the plaintiff, 200 acres of land, part of the said tract called *Mount Pleasant*.

The defendant offered in evidence to the jury, that the lessor of the plaintiff lent to the defendant the sum of 500l current money, and that at the time of the loan, it was agreed by parol, between the lessor of the plaintiff and the defendant, that the lessor of the plaintiff should receive, and the defendant pay, at the rate of *nine per cent. per annum* on the money so loaned; and at the same time it was further agreed, that the defendant should execute to the lessor of the plaintiff, as an assurance, the deed under which the plaintiff makes title in this cause. The defendant further offered and read in evidence, a bond admitted to have been executed by the lessor of the plaintiff to the de-

The jury were directed, that if it appeared to them that the deed for the land, for which the ejectment was brought, from the defendant to the lessor of the plaintiff, for the consideration of 1500, was composed of money actually lent, and a bond cancelled, &c. that then the deed was not usurious and void, although it should appear that a parol contract was made at the time of executing the deed to pay 9 per cent interest on 1500. But if it appeared that the money, said to be loaned, was not actually lent, but a less sum, so that the lessor was to receive by virtue of the said deed and bond, a sum for interest exceeding the rate of 6 per cent per annum on the consideration expressed in the deed, that then the deed was usurious and void.

fendant, on the 1st of May 1794, stating the loan of the said sum of 500*l* by the lessor of the plaintiff to the defendant, on the 12th of April 1794, and the deed for the said 200 acres from the defendant to the lessor of the plaintiff, and that the defendant had agreed to pay unto the lessor of the plaintiff the said 500*l* in gold and silver money, with legal interest thereon from the last mentioned day, on the 1st of October then next, and that if the money was then paid, that then the lessor of the plaintiff should convey and make over the same land to the defendant; but if the money was not paid at the time mentioned, then the said bond to be void.

The plaintiff further offered in evidence, that the said sum of 500*l* consideration in the said deed, was composed of 436*l* 5*s* 4*d*, money lent, of 55*l* 10*s* 0*d*, due at that time on bond from the defendant to the lessor of the plaintiff, and which bond, in consideration, was given up, and of the further sum of 8*l* 4*s* 8*d* at and before that time due by account from the defendant to the lessor of the plaintiff, for work and labour done by the lessor of the plaintiff, as a surveyor, for the defendant, and at his request.

Whereupon the defendant, by his counsel, prayed the opinion of the court, and their direction to the jury, that if they believed, from the evidence offered, that the lessor of the plaintiff actually lent or advanced in the three sums stated, the sum of 500*l* to the defendant, and at the time of the said loan or advance it was, by parol, mutually agreed between them, that the lessor of the plaintiff should receive, and the defendant pay, at the rate of *nine per centum per annum* interest on the said 500*l*, and that at the time of the said loan, or advance, it was agreed between the said lessor of the plaintiff and defendant, that the defendant should, by way of assurance, execute the deed aforesaid to the said lessor of the plaintiff, under which the plaintiff makes title, and did execute the same deed in pursuance of such agreement, that then the said deed is void.

CHASE, Ch. J. (a) The court are of opinion, that if it appears to the jury that the deed from the defendant to the lessor of the plaintiff, for the consideration of 500*l*, was composed or made up of 436*l* 5*s* 4*d*, money actually lent by the lessor of the plaintiff, to the defendant, a bond due from the defendant to the lessor of the plaintiff for 55*l* 10*s* 0*d* cancelled or extinguished, and an account due from the defendant to the lessor of the plaintiff of 8*l* 4*s* 8*d* for surveyor's work, that then the said deed was not usurious and is not void, although it should appear to the jury that a parol contract was made at the time of executing the said deed by the defendant to the lessor of the plaintiff to pay *nine per cent.* interest on the said sum of 500*l*.

The court are also of opinion, that if it appears to the jury from the evidence, that the said sum of 436*l* 5*s* 4*d* was not actually lent, but a less sum, so that the lessor of the plaintiff was to receive by virtue of the said deed and bond a sum of money for interest exceeding the rate of *six per cent. per annum* on the consideration expressed in the said deed, that then the same deed was usurious and is void.

The defendant excepted. Verdict for the plaintiff.

*Mason,* for the plaintiff.

*Key* and *Shaaff,* for the defendant.

The defendant appealed to the Court of Appeals, and that court at June term 1802, *affirmed* the judgment of the General Court.

## GENERAL COURT, MAY TERM, 1800.

(a) *Duvall* and *Done,* J. concurring.